UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80210-CIV-CANNON/MCCABE

GEORGE HARPER,

    Plaintiff,

v.

ACTS RETIREMENT-LIFE
COMMUNITIES, INC., d/b/a
ST. ANDREWS ESTATE,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss ("Motion") (DE 19), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 35). The Motion seeks to dismiss all counts in the Amended Complaint (DE 16) based on timeliness. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED IN PART AND DENIED IN PART**.

**I.  BACKGROUND**

This case involves a dispute over scooter access to the indoor common areas of a retirement community. On May 13, 2022, the District Court dismissed the original complaint for failure to allege facts sufficient to show the action was timely filed under the provisions of 42 U.S.C. § 3604 (the "Fair Housing Act") and Section 15-58 of the Palm Beach County Code of Ordinances (the "County Code") (DE 12).

Thereafter, on June 6, 2022, Plaintiff filed an Amended Complaint (DE 16), alleging the following facts, which the Court accepts as true. Defendant operates a retirement community in

Boca Raton, Florida (DE 16 ¶ 1).  Plaintiff is a retiree who lives in the community and uses a motorized scooter for mobility due to his disability (DE 16 ¶¶ 6-9).  Plaintiff alleges that Defendant discriminated against him on three discrete instances:

- On August 5, 2019, Defendant denied Plaintiff's request to use his scooter indoors within the retirement community (DE 16 ¶ 13).

- On August 12, 2019, Plaintiff attempted to enter the indoor gym while using his scooter but was stopped and told he could not do so (DE 16 ¶ 16).

- On August 27, 2019, Plaintiff had a face-to-face meeting with Defendant's Executive Director and requested permission to use his scooter within the indoor common areas, but the Executive Director denied the request, stating that Defendant "will not permit [Plaintiff] to use his Mini Scooter in any indoor facility within the Retirement Community" (DE 16 ¶¶ 17-19).

Thereafter, Defendant maintained a continuing "policy" of refusing to allow Plaintiff to use his scooter in the indoor common areas (DE 16 ¶¶ 32-33).  As of the date of the Amended Complaint, Defendant's discriminatory practice has "not terminated," and Defendant "continues" the unlawful practice (DE 16 ¶¶ 42-42, 56, 59, 69, 77, 80, 89, 90).

On various dates in 2020, Plaintiff filed administrative complaints with the U.S. Department of Housing and Urban Development ("HUD") and the Palm Beach County Office of Equal Opportunity ("PBOEO") regarding Defendant's discriminatory practices (DE 16 ¶¶ 22-24, DE 16-2).  The exact dates and outcomes of these proceedings will be discussed below, pertaining to tolling analysis.

The Amended Complaint now before the Court alleges the following counts:

Count I         Violation of County Code, § 15-58(7)

Count II        Violation of County Code, § 15-58(9)

Count III       Violation of Fair Housing Act, § 804(f)(2)(A)

Count IV       Violation of Fair Housing Act, § 804(f)(3)(B)

(DE 16). By way of this Motion, Defendant seeks dismissal of all four counts pursuant to Federal Rule of Civil Procedure 12(b)(6) based on statute-of-limitations grounds.

## II. LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint can be dismissed on statute-of-limitations grounds "only if it is apparent from the face of the complaint that the claim is time-barred." *Beach Comm. Bank v. CBG Real Estate LLC*, 674 F. App'x 932, 934 (11th Cir. 2017) (cleaned up). Normally, the statute of limitations should be asserted as an affirmative defense in the answer, not raised in a motion to dismiss. *See Am. Airlines, Inc. v. Vidal*, No. 09-21245-CIV, 2009 WL 10669069, at *1 (S.D. Fla. Sept. 22, 2009). A court may dismiss a complaint as time barred "only if it appears beyond a doubt that [the plaintiff] can prove no set of facts" showing the claims are timely. *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1080 (S.D. Fla. 2019) (quoting *Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x. 135, 136 (11th Cir. 2005) (internal quotations omitted)).

### III. <u>DISCUSSION</u>

Defendant urges dismissal because Plaintiff failed to file this suit within the time limits prescribed by the Fair Housing Act and the County Code, both of which require civil actions to be commenced not later than two years "after the occurrence or the termination" of the alleged discriminatory housing "practice." *See* 42 U.S.C.§ 3613(a)(1)(A); Palm Beach County Code § 15-56(a). As a general rule, the statute of limitations begins to run when the facts that give rise to a claim would have been "apparent" to a "reasonably prudent person similarly situated." *See Wood v. Briarwinds Cond. Ass'n Bd. of Dirs.*, 369 F. App'x 1, 4 (11th Cir. 2010).

In this case, Plaintiff alleges Defendant denied him scooter access for the first time on August 5, 2019 (DE 16 ¶ 13). Plaintiff did not file this lawsuit until January 28, 2022 (DE 1-1), making the suit time-barred on its face. Plaintiff nevertheless advances two arguments to overcome the statute of limitations: (1) Defendant engaged in a "continuing violation," and alternatively, (2) Plaintiff filed administrative actions that tolled the time limits under both the Fair Housing Act and the County Code. The Court will address each argument in turn.

#### 1. **Continuing Violation Doctrine**

"The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). In *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982), the Supreme Court recognized that the continuing violation doctrine applies to cases brought under the Fair Housing Act. Thus, where a "a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within [the statutory limit] of the last asserted occurrence of that practice." *Id.* at 380-81. Elsewhere, the

Eleventh Circuit has explained that, in determining whether a practice constitutes a "continuing violation," a court must distinguish between "the present consequence of a one-time violation, which does not extend the limitations period, and the continuation of the violation into the present, which does." *Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 796 (11th Cir.1992) (analyzing continuing violation theory in the context of a Title VII case).

Here, Plaintiff alleges Defendant denied him permission to use his scooter on three discrete occasions in August 2019 (DE 16 ¶¶ 12-19). On the last of these occasions, Plaintiff met with Defendant's Executive Director, who announced that Defendant "will not" (future tense) permit Plaintiff to use his scooter indoors within the retirement community (DE 16 ¶ 19). Plaintiff alleges that Defendant thereafter "maintained" its "policy" of not allowing him to use his scooter indoors (DE 16 ¶¶ 32-33). As of the date of the Amended Complaint, Plaintiff alleges the policy has "not terminated" and "continues" (DE 16 ¶¶ 42-42, 56, 59, 69, 77, 80, 88, 90).

These allegations describe an ongoing violation that continues into the present. The Court cannot apply the continuing violation doctrine, however, because the Eleventh Circuit imposes a significant limitation upon that doctrine. Specifically, in the Eleventh Circuit, "the continuing violation doctrine is limited to situations where a reasonably prudent plaintiff would have been unable to determine that a violation had previously occurred." *Hamilton*, 453 F.3d at 1334. "The continuing violation doctrine is premised on 'the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated.'" *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir.2001) (quotations and citations omitted). "If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine to overcome the statutory requirement

5

of filing [suit] with respect to that event or series of events." *Id.*; *see also Wood*, 369 F. App'x at 4 ("In the case of a continuing violation, the statute of limitations will run from the moment the violation begins if the violation continues only because of the plaintiff's knowing failure to seek relief.").

Relying on this limitation, courts regularly dismiss continuing violation claims on the grounds that plaintiffs first became aware of the violations outside the limitations period. *See Hous. Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc., Inc.*, 510 F. Supp. 2d 1003, 1010-1011 (S.D. Fla. 2007) (dismissing Fair Housing Act claim where complaint showed plaintiff was aware of the alleged continuing violation more than two years before filing complaint); *Beaulialice v. Fed. Home Loan Mortg. Corp.*, No. 8:04-CV-2316-T-24-EAJ, 2007 WL 744646 (M.D. Fla. Mar. 6, 2007) (same); *Hawkins v. The Hamlet, Ltd.*, No. 06-80754-CIV-Middlebrooks/Johnson, 2007 WL 9701961 (S.D. Fla. Oct. 19, 2007) (same).

In this case, even when construing the allegations in the light most favorable to Plaintiff, the allegations show Plaintiff became aware of Defendant's scooter policy at least as early as August 5, 2019 (DE 16 ¶ 13). Because Plaintiff was on notice of the policy more than two years before filing suit, under Eleventh Circuit caselaw, he cannot take advantage of the continuing violation doctrine to overcome the statute of limitations.

       **2.**    **Tolling**

Alternatively, Plaintiff argues the suit is timely because he filed administrative actions that tolled the statute of limitations under the express provisions of both the Fair Housing Act and the County Code. Because the two tolling provisions vary from one another, the Court addresses them separately.

### i.      Fair Housing Act

Under the Fair Housing Act, the computation of the two-year limitations period "shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(B). Here, Plaintiff alleges he filed a HUD administrative complaint on February 4, 2020, regarding Defendant's continuing discriminatory practices (DE 16 ¶ 24). As of the date of the Amended Complaint, Plaintiff alleges the HUD proceeding remains "pending" (DE 16 ¶ 48). On its face, therefore, the tolling provision applies, and this case is timely.

Defendant raises two arguments to overcome tolling. First, Defendant cites *Allen v. Housing Authority of City of Auburn, Ala.*, 638 F. App'x 825 (11th Cir. 2015), a Fair Housing Act case where the court found tolling did not apply because the plaintiff had "abandoned" her administrative HUD case (DE 28 at 12-13). The Court finds this case distinguishable. In *Allen*, the plaintiff alleged she had a "pending" administrative HUD claim, but the documents attached to her complaint showed that HUD had "dismissed" the claim years earlier. *Id.* at 828. Moreover, although the rules allowed a 60-day period for review of the HUD dismissal, the 60 days had long since passed, and the complaint contained no allegations that plaintiff had pursued such a review. *Id.* Under these circumstances, the Eleventh Circuit concluded the HUD claim did not toll the statute of limitations. *Id.*

The situation here is different. There are no allegations, nor documents attached to the Amended Complaint, to demonstrate that HUD dismissed Plaintiff's administrative claim at any time. To the contrary, Plaintiff alleges he filed an administrative HUD claim, and that it remains

pending (DE 16 ¶¶ 24, 48). The Court accepts these allegations as true. To the extent Defendant wishes to challenge these allegations with contradicting factual evidence, Defendant should do so at the summary judgment stage.

Next, Defendant argues Plaintiff's allegation of a pending HUD claim is not plausible because, once a HUD claim is filed, HUD must complete its investigation of the claim "within 100 days" pursuant to 42 U.S.C. § 3610 (a)(1)(B)(iv) (DE 28 at 10-11). Assuming Plaintiff filed his HUD claim on February 4, 2020, so Defendant argues, the case would no longer be "pending" 101 days later.

The Court disagrees. At the outset, HUD need not complete its investigation of a claim within 100 days. The statute imposes the 100-day time limit with the proviso "unless it is impracticable to do so." 42 U.S.C. § 3610 (a)(1)(B)(iv). In cases where HUD cannot complete the investigation within 100 days, HUD must notify "the complainant and respondent in writing of the reasons for not doing so." 42 U.S.C. § 3610 (a)(1)(C).

More importantly, and regardless of how long HUD takes to complete its investigation, the close of the investigation does not close the administrative proceeding. Instead, once the investigation concludes, the parties enter a period of conciliation in an effort to negotiate a resolution. 42 U.S.C. § 3610 (b)(1) ("During the period beginning with the filing of such complaint and ending with the filing of a charge *or a dismissal by the Secretary*, the Secretary shall, to the extent feasible, engage in conciliation with respect to such complaint.") (emphasis added). During this period of conciliation, the administrative claim has not yet been dismissed and therefore remains "pending."

Further, when HUD receives a complaint within a jurisdiction that has a certified state or local public housing agency, the statute provides that HUD "shall" refer the complaint to such

agency before taking action. 42 U.S.C. § 3610(f)(1)(B). This appears to be the case here, as Exhibit 3 to the Amended Complaint – PBOEO's Notice of Determination of Reasonable Cause – bears both a PBOEO case number and a HUD case number (DE 16-3). In such circumstances, the HUD proceeding remains "pending" even after HUD makes its referral to the local agency. *See Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). Indeed, the HUD case remains "pending," and the statute of limitations continues to toll, until such time as HUD issues a final closing letter following notification from the local agency as to the outcome of the case. *Id.*

In short, at this stage of the case, the Court is not convinced "beyond a doubt" that Plaintiff "can prove no set of facts" to show his claims are timely. *See Am. Marine Tech, Inc.*, 418 F. Supp. 3d at 1080 (describing the standard necessary to obtain dismissal on statute-of-limitations grounds). Instead, construing all allegations in the light most favorable to Plaintiff, the Court finds plausible allegations that Plaintiff's administrative HUD claim tolled the statute of limitations. To the extent Defendant wishes to contradict these allegations with factual support, Defendant should do so at the summary judgment stage. In the meantime, the Motion should be denied as to Counts III and IV, alleging violations of the Fair Housing Act.

### ii.     County Code

The tolling provisions of the County Code are different. Unlike the Fair Housing Act, which tolls the time during which the "administrative proceeding … was pending," *see* 42 U.S.C. § 3613(a)(1)(B), the County Code only tolls the time "during which *the investigation was pending*," *see* Palm Beach County Code § 15-56(b) (emphasis added). The County Code does not define the term "investigation." In this case, however, Plaintiff filed his PBOEO complaint on January 28, 2020, and the PBOEO thereafter issued its Notice of Determination of Reasonable Cause on June 30, 2020 (DE 16 ¶¶ 25-26). The Court finds that the term "investigation" means

9

the time that elapsed between the date of the complaint (January 28, 2020) and the date of the determination (June 30, 2020). This period lasted 154 days.

Plaintiff alleges Defendant denied him scooter access on three discrete dates in August 2019, the earliest of which was August 5, 2019 (DE 16 ¶ 13). Applying this date, Plaintiff had a deadline of August 5, 2021, to file his suit under the County Code. Adding 154 days of tolling brings the revised deadline to January 6, 2022. Plaintiff did not file this suit until January 28, 2022, making the suit untimely by twenty-two (22) days.

Plaintiff raises two arguments to overcome this problem. First, he argues the clock should start ticking from the *latest* discrete date he was denied scooter access, i.e., August 27, 2019, rather than from the *earliest* discrete date (DE 28 at 6). The Court finds this argument unpersuasive because the "statute of limitations begins to run when 'facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated.'" *Wood*, 369 F. App'x at 4. Here, Plaintiff became aware of Defendant's scooter policy on August 5, 2019 (DE 16 ¶ 13). Even when construing all allegations in the light most favorable to Plaintiff, the meeting that took place on August 27, 2019, addressed the same alleged violation, namely, scooter access to the indoor common areas (DE 16 ¶¶ 17-19).

Next, Plaintiff argues Defendant should be estopped from asserting statute of limitations as a defense because Defendant, not Plaintiff, chose to litigate these claims in court (DE 28 at 9-10). Specifically, in December 2021, following a period of attempted conciliation with the PBOEO, Plaintiff elected to proceed to a hearing before the Palm Beach Fair Housing Board (DE 16 ¶ 36). As was its right, Defendant rejected this option and chose instead to have this matter "decided in a civil action in lieu of an administrative hearing" (DE 16 ¶ 44). Plaintiff argues

10

Defendant did so after knowingly delaying the conciliation efforts for an extended period of time, so that Defendant could raise statute of limitations as a defense in court (DE 28 at 10).

Although not couched as such, Plaintiff's argument seems to arise under the doctrine of judicial estoppel. "The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citation and internal quotation marks omitted); *see also City of Riviera Beach v. That Certain Unnamed Gray, Two Story Vessel Approximately Fifty–Seven Feet in Length*, 649 F.3d 1259, 1273 (11th Cir. 2011) ("Judicial estoppel is designed to prevent parties from making a mockery of justice by inconsistent pleadings.") (citation and internal quotation marks omitted).

A trial court has broad discretion in applying this equitable doctrine. *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006). In exercising such discretion, courts traditionally look to the following factors: "(1) whether a later position asserted by a party was clearly inconsistent with an earlier position; (2) whether a party succeeded in persuading a court to accept an earlier position ...; and (3) whether the party with an inconsistent position would derive an unfair advantage or impose an unfair treatment on the opposing party if not estopped." *Id.*

The situation here does not warrant judicial estoppel in the Court's view. Defendant did not take inconsistent positions or gain unfair advantage by choosing to opt for a civil action in lieu of an administrative hearing before the Palm Beach Fair Housing Board. Defendant may well have perceived an advantage to court proceedings since it could raise the statute of limitations as a defense in that forum. This does not make Defendant's choice unfair or give rise to judicial estoppel.

Likewise, even accepting Plaintiff's allegations as true, the Court finds no basis for judicial estoppel in Defendant's apparent tactic to delay the conciliation efforts. Under the County Code, conciliation is voluntary. Plaintiff was free to withdraw his administrative complaint at any time. *See* Palm Beach County Code § 15-48 ("A complaint filed pursuant to this article may be withdrawn at any time by the complaining party upon notifying the OEO…."). Likewise, Plaintiff was free to commence a civil lawsuit at any time. *See* Palm Beach County Code § 15-55(a) ("A complainant may commence a civil action under this article whether or not the complaint has been filed and without regard to the status of any such complaint.").

In short, the Court does not find that Defendant took inconsistent positions based on the exigencies of the moment, that Defendant took unfair advantage of Plaintiff, or that Defendant otherwise made a mockery of the judicial process. *See Ackner v. PNC Bank, Nat'l Ass'n*, No. 16-81648-CIV-Marra, 2017 WL 7355329, *5 (S.D. Fla. Dec. 22, 2017) (declining to apply judicial estoppel where party failed to show opponent "made a mockery of the judicial process or altered positions based on the exigencies of the moment"). Accordingly, judicial estoppel does not apply here. For all of these reasons, the Motion should be granted as to Counts I and II, alleging violations of the County Code.

## IV.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 19) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. As to Counts I and II, the Motion should be **GRANTED.**

2. As to Counts III and IV, the Motion should be **DENIED**.

3. Because Plaintiff has had a prior opportunity to attempt to state a claim, all dismissals recommended here should be **WITH PREJUDICE**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22d day of September 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE